UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSIE OFFORD (#110951)                                            CIVIL ACTION

VERSUS

RICHARD STALDER, SECRETARY, ET AL.                                 NO. 08-0058-A-M2

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, February 19, 2008.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JESSIE OFFORD (#110951)**                                CIVIL ACTION

**VERSUS**

**RICHARD STALDER, SECRETARY, ET AL.**                     NO. 08-0058-A-M2

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder, Warden Burl Cain and Security Officer Wilson, alleging that the defendants were deliberately indifferent to his health or safety on January 25, 2005, causing him to sustain a fall and resulting injuries on that date.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. <u>Green v. McKaskle</u>, <u>supra</u>. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's Complaint alleges that on January 25, 2005, he was on a medical visit to Charity Hospital in New Orleans, Louisiana ("CHNO"). Upon arrival, defendant Wilson requested that the plaintiff exit the transport vehicle and placed a "milk crate" in front of the door so that the plaintiff could do so while wearing full restraints. As the plaintiff stepped on the crate, however, the crate overturned, causing the plaintiff to fall and sustain injuries. The plaintiff acknowledges that he was seen shortly thereafter at the CHNO emergency room, but he complains that the transport vehicle should not have been parked in that location due to construction being undertaken in that area.

The plaintiff's allegations make clear that the claims arising out of this incident are not claims of constitutional dimension. In this regard, the Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Accordingly, a prison official must have a "sufficiently culpable state of mind," i.e., a state of mind of "deliberate indifference" to inmate health or safety, to support a claim against him. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Mere negligence is not enough. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). As stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the determinative question is whether the prison official subjectively knew that the inmate faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it.

Applying this test to the facts of the instant case, it is clear that the plaintiff's claims are based on assertions of mere negligence and not deliberate indifference. Although it may in fact have been

objectively difficult for the plaintiff to step out of the transport vehicle onto an unstable milk crate, it does not appear that defendant Wilson intended to cause the plaintiff harm, knew that serious injury was substantially certain to occur, or was otherwise aware of a substantial risk of harm to the plaintiff's health or safety which he ignored.  To the contrary, the plaintiff's allegations sound in the nature of negligence alone.  And even if there was in fact construction being undertaken in the area where the plaintiff was required to disembark, there is no indication that the defendant's action in requiring the plaintiff to exit the vehicle in that area was an act of deliberate indifference on the part of the defendants to the inmates' health or safety.  Accordingly, the plaintiff's allegations fail to state a claim of constitutional dimension against the defendants.  It is clear, therefore, that the plaintiff's claims have no arguable basis in fact or in law, and that this action should be dismissed as frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.[1]

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiffs' claims be dismissed as frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.

Signed in chambers in Baton Rouge, Louisiana, February 19, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] The plaintiff is specifically placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."